United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30367
Conference Calendar

_____

MARCELO ESPINOSA,

                                        Petitioner-Appellant,

versus

WARDEN, UNITED STATES PENITENTIARY POLLOCK,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CV-2208
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Marcelo Espinosa, federal prisoner # 16482-018, appeals the
district court's order denying and dismissing with prejudice his
application for writ of habeas corpus. Espinosa argues that the
district court erred in finding that he did not satisfy the
requirements for filing a 28 U.S.C. § 2241 application under
28 U.S.C. § 2255's "savings clause." Espinosa argues that
because he was charged with a violation of 18 U.S.C. § 2(b), he
was convicted of a non-existent offense; that the jury must

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determine the drug quantity used for sentencing; that he was subject to a maximum sentence of only 20 years of imprisonment; and that he is actually innocent of the career offender enhancement of U.S.S.G. § 4B1.1. He asserts that he should be allowed to raise his claims via a § 2241 application and requests that this court reconsider its holding in Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001).

Espinosa has not met his burden of showing that he meets the requirements for filing a 28 U.S.C. § 2241 application under the savings clause of 28 U.S.C. § 2255. He has not pointed to a retroactively applicable Supreme Court decision which establishes that he may have been imprisoned for conduct that was not prohibited by law. Nor has he shown that his claim was foreclosed by circuit law at the time of his guilty-plea conviction, appeal, or first § 2255 motion. See Reyes-Requena, 243 F.3d at 903-04.

AFFIRMED.